**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

LIKA SAGLIANI                                     CASE NO.  3:26-CV-01903 SEC P

VERSUS                                            JUDGE JAMES D. CAIN, JR.

INDANECIO RAMOS ET AL                             MAGISTRATE JUDGE DAVID J. AYO


**MEMORANDUM ORDER**

Before the court are an Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction [doc. 9] filed by immigration detainee Lika Sagliani, in connection with her pending petition for writ of habeas corpus. *See* doc. 1. Petitioner, a native of Georgia, was detained in January 2025 and is currently in ICE custody at Richwood Correctional in Monroe, Louisiana. Doc. 1. She was granted withholding of removal as to Georgia under the Convention Against Torture. *Id.* She seeks habeas relief on the grounds that her continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* She also moves for a temporary restraining order and preliminary injunction prohibiting her deportation or transfer, arguing that she fears imminent deportation to Moldova and refoulement to Georgia if this occurs.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the

public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner is a member of the *D.V.D.* class because he is an individual subject to a final order of removal whom ICE plans to deport to a third country, *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F.Supp.3d 355, 392–393 (D. Mass. 2025). In the *D.V.D.* litigation, the class seeks the same remedy currently before this court: an injunction requiring respondents "to provide meaningful notice and opportunity to present a fear-based claim before executing removal to a third country." *See id.* at 386. So, as another division, recently put it, "this Court should butt out." *Rodelo Echavez v. Lyons*, 2025 WL 3090769, at *2 (W.D. La. Sep. 22, 2025) (EDWARDS, J.) (citing *Green v. McKaskle*, 770 F.2d 445, 446-47 (5th Cir. 1985) ("[E]quitable claims by members of the [*D.V.D.*] class, which are comparable to those claims litigated and under ongoing review and supervision of the court in the [*D.V.D*] class action, should not be maintainable as individual causes of action")). Judge Edwards further observed:

Furthermore, the Supreme Court stayed that relief in *D.V.D.*, aware that one of the plaintiffs, O.C.G., had been removed to Mexico and then deported back to Guatemala, where his removal had been withheld under CAT. *See U.S. Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153, 2154 (2025) (Sotomayor, J., dissenting). So too is the fear here—that Petitioner will be removed to Mexico and then to Colombia despite his CAT withholding order. Aware of that threat, and aware that everyone in O.C.G.'s situation is a member of this non-opt-out class, the Supreme Court still stayed the injunction requiring the relief now sought here. *See D.V.D.*, 145 S. Ct. at 2153. Since this granting of a stay "constitutes a precedent that commands respect," *see N.I.H. v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2663 (2025) (Gorsuch, J., concurring in part and dissenting in part), this Court declines to double-exercise its discretion and provide backdoor relief for Petitioner individually. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985) ("[A] court may ... in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere; *see also Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)) ("As between federal district courts, ... the general principle is to avoid duplicative litigation.").

*Id.* The same holds true here. In light of the Supreme Court's refusal to stay preliminary injunctive relief to petitioner and other members of the *D.V.D.* class, petitioner cannot "unequivocally show" her right to the extraordinary remedy he seeks. *Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. May 20, 2025) (citing *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013)). Accordingly, **IT IS ORDERED** that the Motions [doc. 9] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 4th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

Page 3 of 3