**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **LIKA SAGLIANI** | **CIVIL ACTION NO. 3:26-CV-01903 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **INDANECIO RAMOS ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

# MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Lika Saglianai ("Petitioner"). At the time of filing, Petitioner was an immigration detainee at Richwood Correctional Center in Monroe, Louisiana.

On November 5, 2025, the Immigration Judge found Petitioner removable but granted withholding of removal for Georgia. (Doc. 12-3). According to the Declaration of Eric A. Cook, Supervisory Detention and Deportation with the Department of Homeland Security, on August 4, 2026, the Department of Homeland Security removed Petitioner to a third country, Moldova, via Charter Flight #26-006772 from Alexandria to LUKK in Moldova. (Doc. 12-1). Accordingly, Petitioner is no longer detained.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be

dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

An alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Accordingly, IT IS ORDERED that the Petition is hereby DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

THUS DONE in Chambers on this 9th day of November, 2026.

JAMES D. CAIN, JR
UNITED STATES DISTRICT JUDGE